Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1047 | **DATE** | 9/27/2002 |
| **CASE TITLE** | Johnson vs. LaRabida Children's Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendants' motion to summary judgment [21-1]. Defendants motion is granted as to the section 1983 issues. All pendant state claims are dismissed. It is so ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 27 2002 | |
| ✓ | Docketing to mail notices. | | | 31 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 02 SEP 27 PM 1:13 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAMELA E. JOHNSON,          )
                            )
        Plaintiff,           )
                            )  No. 01 C 1047
    v.                      )
                            )  HONORABLE CHARLES R. NORGLE
                            )
LaRABIDA CHILDREN'S HOSPITAL )
& RESEARCH CENTER and        )
TOMMY STEPHENS, individually and )
in his official capacity     )
                            )
        Defendants.          )

DOCKETED
SEP 27 2002

## OPINION AND ORDER

**Charles R. Norgle, District Judge**

Before the court is Defendants' motion for summary judgment, brought pursuant to Fed. R. Civ. P. 56. For the following reasons, Defendant's motion is granted.

## I. BACKGROUND

Plaintiff's claims stem from an altercation that occurred at the LaRabida Children's Hospital ("LaRabida") on March 23, 1999. LaRabida is an Illinois not for profit corporation providing hospital services to children. Plaintiff, Pamela Johnson ("Johnson"), is a former employee of LaRabida, who is known to become erratic if she is not on certain prescribed medications.

Johnson entered LaRabida's lobby on March 23, 1999 attempting to see Bill Koulias, LaRabida's director of human resources. Johnson approached the information desk, where Willie Williams was stationed, and said "call the police mother fucker because I am going to kill you." Johnson also threatened action against Bill Koulias stating that when she found him she was going

to "beat his mother fucking ass." Williams immediately radioed security for help controlling Johnson.

Tommy Stevens ("Stevens"), a security guard for LaRabida, answered Williams call for help and arrived at the scene. Johnson continued her tirade, knocking over objects and threatening to injure various people in the vicinity. At one point Johnson even threatened that she had a gun. It was this threat along with the many others that she made that prompted Stevens to tell Williams to dial 9-1-1 for the police.

Just as Williams was calling for the police, Sofia Hilentzaris, another LaRabida employee, entered the lobby and noticed the disturbance. Hilentzaris, who is familiar with Johnson, attempted to speak with her and calm her down. This appears to have only enraged Johnson even more. As Stevens was asking Hilentzaris to leave, Johnson attacked him, striking him in the back with her fist and then kicking him in the leg. Stevens reacted to this battery by striking Johnson in the forehead, with his left hand, which held his walkie/talkie. Johnson, stunned by the blow, stopped her attack immediately and left the building, were she was met by the police.

The police took Johnson to another hospital were she was treated for the blow that she received. Johnson received approximately 13 stitches. After receiving medical treatment Johnson was issued a citation for assault, battery, and disorderly conduct. While Johnson was awaiting the outcome of her pending charges, she began making harassing telephone calls to LaRabida personnel. Johnson was then additionally charged with telephone harassment. Johnson pled guilty to the disorderly conduct charge and the telephone harassment charge, the remaining charges were dropped per agreement made between Johnson and the state court..

Johnson has now filed a claim against LaRabida and Stevens in his individual and "official" capacity alleging a violation of 42 U.S.C. §1983 and various other state claims for the injuries that

2

she sustained as a result of the altercation. LaRabida and Stevens have filed a joint motion for summary judgment, which the court will now address.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High School District No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999); see also Shank v. William R. Hague, Inc., 192 F.3d 675, 682 (7th Cir. 1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events.") A defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. See e.g. Navarro v. Fuji Heavy Industries, Ltd., 117 F.3d 1027, 1030 (7th Cir. 1997). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. See id. It bears repeating that the plaintiff must present evidence, rather than speculation and conclusions without factual support. See Rand v. CF Industries, Inc., 42 F.3d 1139, 1146-47 (7th Cir. 1994).

### B. Section 1983

42, United States Code, section 1983 provides a cause of action for deprivation of constitutional rights by persons acting under the color of state law. The initial inquiry under § 1983 is whether two essential elements are present: (1) whether the conduct was committed under color of state law; and (2) whether this conduct deprived a person of rights, privileges and immunities

3

secured by the Constitution or law of the United States. Daniel v. Williams, 474 U.S. 327, 330 (1996). The purpose of § 1983 is to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide related relief." Wyatt v. Cole, 504 U.S. 158, 161 (1992). Section 1983 imposes "liability only when a person acts 'under color' of a 'state statute, ordinance, regulation, custom or usage.'" Richardson v. McNight, 521 U.S. 399, 404 (1997). Section 1983 can impose liability upon a private individual if it is determined that, the individual is acting as a state actor. Id.

"[T]he case law of this circuit acknowledges, quite straightforwardly, that what is essential to finding that a private actor has become a state actor is not the formality of his relationship with the state or its agent or the duration of that relationship." Proffitt v. Ridgway, 279 F.3d 503, 510 (7th Cir. 2002) (dissenting opinion) (citing Wade v. Byles, 83 F.3d 902, 904-05 (7th Cir. 1996)). "What is important is whether the state or its agent is aware of the participation of the private individual and 'effectively directs, controls, or encourages the actions of a private party.'" Id. at 510; see also Payton v. Rush-Presbyterian-St. Luke's Med. Center, 184 F.3d 623, 628 (7th Cir. 1999); United States v. Shahid, 117 F.3d 322, 326 (7th Cir. 1997). While the determination of whether an individual has become a state actor is a fact-specific inquiry, the judicial methodology for assessing those facts is well-established and compatible with the purpose of § 1983.

The fact "that a private party might also have intended to assist law enforcement does not transform him into a government agent so long as the private party has had a legitimate independent motivation for engaging in the challenged conduct. Shahid, 117 F.3d at 326 (internal quotation marks omitted); see also McAllister, 18 F.3d at 1418; Koenig, 856 F.2d at 850-51 ("intent to assist in the government's enforcement of the criminal laws" is not in itself sufficient to show that the private party was a government agent); United States v. Marzano, 537 F.2d 257, 271 (7th Cir. 1976)

4

("a mere purpose to assist the Government does not transform an otherwise private search into a Government search") (citing United States v. Newton, 510 F.2d 1149, 1153 (7th Cir. 1975)),

Johnson has failed to provide the court with sufficient evidence to demonstrate that Stevens was a state actor and therefore liable under § 1983. Johnson has provided no evidence depicting that the state "effectively directs, controls, or encourages the actions of [Stevens]." Proffitt, 279 F.3d at 510. Johnson has provided the court with merely LaRabida's job description for a security officer, (see Plt.'s Local 56.1 Statement Ex. 3); an orientation / retraining manual for a security guard and transportation driver, (see Plt.'s Local 56.1 Statement Ex. 4); LaRabida's code of conduct for all of its employees, (see Plt.'s Local 56.1 Statement Ex. 9); and Chicago Municipal Code 4-340-010, which defines a "special policeman," (see Plt.'s Local 56.1 Statement Ex. 15). All of the evidence that Johnson has provided to the Court fails to show that Stevens was acting as a state actor when he struck Johnson in the forehead.

Johnson is entitled to have all factual inferences and disputes construed in her favor, but she also bears the burden of demonstrating that LaRabida and Stevens have violated § 1983. See Delgado v. Jones, 282 F.3d 511, 516 (7th Cir. 2002). Johnson must present more than a mere scintilla of evidence that raises a triable fact. See Murphy, 176 F.3d at 936. Instead of presenting evidence demonstrating that Stevens was a state actor, Johnson points to vague and general descriptions of what Stevens job entailed and apparently expects the Court to simply determine that Stevens was a state actor, making him liable under § 1983 as Johnson asserts happened in the case of Payton v. Rush-Presbyterian, 82 F.Supp. 2d 901 (N.D.Ill. 2000).[1]

---

[1] Previously, Payton v. Rush-Presbyterian was appealed to the Seventh Circuit. See Payton, 184 F.3d 623. The Seventh Circuit was presented with the issue of whether a plaintiff has effectively stated a claim upon which relief may be granted, for the purposes of § 1983, by merely asserting that the defendant was a special officer and therefore a state actor. Id. The Seventh Circuit determined for the limited purpose of pleading, that special officers could be state actors. Id. at 630.

Although several of the facts in Payton v. Rush-Presbyterian are similar to those in this instance, the evidence presented is not. The court in Payton v. Rush-Presbyterian scoured the record and the hospital's policies regarding the security guard's authority. Id. at 905. Finding that the security guards' authority had not been circumscribed by the hospital the court deemed the security guards to be state actors and therefore liable under § 1983. Id. In this instance, the Court has not been presented with any evidence that shows that Stevens is a "special officer," what his duties were, and how, if at all, his duties may have been circumscribed by LaRabida. Based on the evidence present the Court finds that Stevens in not a state actor and therefore not liable on § 1983.

Furthermore, Johnson cannot pursue an additional § 1983 action against LaRabida. A similar analysis of LaRabida, based on the facts presented, shows that LaRabida is a not-for-profit corporation, not a state actor. Therefore, Johnson has failed to present evidence that supports her § 1983 claims against Stevens or LaRabida. the court grants Defendants motion for summary judgment on this issue.

When the court grants summary judgment on all federal claims before trial, the general rule is that the court should relinquish supplemental jurisdiction over state law claims. See, e.g., Van Harken v. Chicago, 103 F.3d 1346, 1354 (7th Cir. 1997). Having decided Johnson's only federal issue, the court relinquishes its supplemental jurisdiction over all pendant state claims.[2]

---

[2] Even if the court were to address Johnson's other claims on the merits, Johnson's claims would fail based on the facts presented. See Cady v. McCook, No. 01 C 4375 2002 WL 999429 N.D.Ill. May 13, 2002); Payne v. Pauley, No, 00C 3266, 2002 Wl 1160147 (N.D.Ill May 29, 2002); Ray v. Village of Woodridge, No. 00 C 2325, 2002 WL 31094805 (N.D.Ill September 16, 2002)

### III. CONCLUSION

For the foregoing reasons Defendants' motion for summary judgment on the issue of § 1983 liability is granted, all other pendant state claims are dismissed.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, District Judge

DATED: 9/27/02